# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Brandon Grisoff, 158 LANDING DRIVE
DEPTFORD TOWNSHIP NJ 08096

**(b)** County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey Campolongo, Law Office of Jeffrey Campolongo,
300 Conshohocken State Road, Suite 180 West
Conshohocken. PA 19428

## DEFENDANTS

Seaworld Parks & Entertainment LLC,
6240 SEA HARBOR DRIVE, ORLANDO FL 32821

County of Residence of First Listed Defendant: Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☑ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Americans with Disabilities Act - Employment, 42 U S C § 12101 et seq

Brief description of cause:
disability employment discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** > $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 10/29/21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Brandon Grisoff 158 LANDING DRIVE DEPTFORD TOWNSHIP NJ 08096

Address of Defendant: Seaworld Parks & Entertainment LLC 6240 SEA HARBOR DRIVE ORLANDO FL 3282

Place of Accident, Incident or Transaction: Langhorne, PA

***RELATED CASE, IF ANY:***

Case Number: ____________ Judge: ____________ Date Terminated: ____________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/29/21 ____________ [signature] Must sign here ____________ 82608

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify):* ADA, 42 U S C § 12101 et seq

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ____________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ____________

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jeffrey Campolongo, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/29/21 ____________ [signature] Sign here if applicable ____________ 82608

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| **BRANDON GRISOFF** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SEAWORLD PARKS &** | : | **NO.** |
| **ENTERTAINMENT, LLC** | : | |
| **d/b/a SESAME PLACE** | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( **X** )

| | | |
|---|---|---|
| **October 29, 2021** | **JEFFREY CAMPOLONGO** | |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| **484-434-8930** | **484-434-8931** | **jcamp@jcamplaw.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**LAW OFFICE OF JEFFREY CAMPOLONGO**
**BY: JEFFREY CAMPOLONGO, ESQUIRE**
**IDENTIFICATION NO: 82608**
**300 CONSHOHOCKEN STATE ROAD, SUITE 180**
**WEST CONSHOHOCKEN, PA 19428**
**484.434.8930**
**484.434.8931 (FAX)**
**JCAMP@JCAMPLAW.COM**
**WWW.JCAMPLAW.COM**

**COUNSEL FOR PLAINTIFF**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON GRISOFF** | : | |
| **158 LANDING DRIVE** | : | |
| **DEPTFORD TOWNSHIP NJ 08096** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **SEAWORLD PARKS &** | : | |
| **ENTERTAINMENT LLC** | : | |
| **D/B/A SESAME PLACE** | : | |
| **6240 SEA HARBOR DRIVE** | : | |
| **ORLANDO FL 32821** | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

### I. INTRODUCTION AND SUMMARY

1. Plaintiff, Brandon Grisoff, (hereinafter referred to as "Mr. Grisoff") alleges through his counsel, the **LAW OFFICE OF JEFFREY CAMPOLONGO**, that his rights to be free from discrimination under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq*. have been violated.

2. This case involves Mr. Grisoff and SeaWorld Parks & Entertainment LLC d/b/a Sesame Place, (hereinafter referred to as "Defendant SeaWorld"). Mr. Grisoff was made a written offer for the position of Director of Human Resources for Defendant SeaWorld, but upon inquiring about COVID-19 protocols based on his disability, the

job offer was unlawfully rescinded by SeaWorld.

3. The Defendant's unlawful disability discrimination has harmed Mr. Grisoff by subjecting him to adverse action, including failing to hire him due to his actual and or perceived disability and/or record of impairment.

## II. PARTIES

4. Plaintiff, Brandon Grisoff, is an adult male who resides at the above captioned address.

5. Defendant SeaWorld is a corporation that has a primary business address at the above captioned address. At all relevant times, SeaWorld has continuously been an employer, a person, and a covered entity within the meaning of 42 U.S.C. § 12111 (2), (5) and (7), as well as the Pennsylvania Human Relations Act.

6. Defendant SeaWorld is an entity engaged in an industry or activity affecting commerce which employs 15 or more employees in all of its offices, pursuant to 42 U.S.C. § 12111 (5)(A).

## III. JURISDICTION and VENUE

7. Plaintiff incorporates by reference the previous paragraphs as if the same were set forth more fully at length herein.

8. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action against Defendant SeaWorld is authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

9. Plaintiff exhausted his administrative remedies when he submitted a verified Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") (Charge No. 530-2019-02890) which was dual-filed with the Pennsylvania Human

Relations Commission ("PHRC"), on or about October 27, 2020.

10. On or about August 1, 2021 Plaintiff was issued his "Dismissal and Notice of Rights" for his federal claims against Defendant SeaWorld.

11. On October 27, 2021, it had been one (1) year since the filing of the PHRC complaint, thus Plaintiff is entitled to bring his claims pursuant to the PHRA against Defendant SeaWorld.

12. This Court has personal jurisdiction over Defendant SeaWorld because the company systematically and continuously engages in substantial interstate commercial conduct and business activity in Pennsylvania, and the case arises out of Defendant's unlawful conduct within this Commonwealth.

13. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania inasmuch as Defendant SeaWorld regularly conducts business within this District.

**IV. <u>FACTUAL ALLEGATIONS</u>**

14. Plaintiff incorporates by reference the previous paragraphs as if the same were set forth more fully at length herein.

15. On or about July 9, 2020, Mr. Grisoff was offered a position to work as the Director of Human Resources for Sea World's Sesame Place Park in Langhorne, PA.

16. The written offer was made by Sherri Nadeau, Chief Human Resources Officer.

17. On or about July 10, 2020, Mr. Grisoff inquired about the COVID-19 precautions that were being taken in the HR Office, stating that he had an underlying condition that put him at higher risk for the virus.

18. Mr. Grisoff specifically asked Michelle Woods, Talent Acquisition Director, if there were opportunities to temporarily accommodate remote working or if other options were available to protect himself, with an understanding that there would still be

times that would require one to be on the ground in the park.

19. Ms. Woods called Mr. Grisoff back stating that she spoke with a colleague about this role and it was an absolute "boots on the ground" role.

20. Mr. Grisoff at this time further clarified with her that he was asking for a temporary ADA accommodation with respect to his disability putting him at higher risk for COVID-19.

21. Mr. Grisoff is in an unusual situation because the pandemic is the sole reason that his disability requires an accommodation.

22. Having only interviewed via telephone and virtually Mr. Grisoff was unsure of the office layout and any social distancing measures in place to protect himself, thus making more information valuable to him.

23. After a phone call with Ms. Nadeau, Ms. Woods called Mr. Grisoff stating that she had another similar request and the answer is "absolutely not, no accommodation can be made due to the role needing to be in the park at all times."

24. Mr. Grisoff noted that he would still like to have a better idea of the protective measures in place.

25. During this conversation Mr. Grisoff advised that this was not specifically about remote work opportunities but about having a discussion on a temporary ADA accommodation for his disability which could include intermittent remote work or other precautions.

26. Mr. Grisoff also stated he was still very interested and as long as he could review with his doctors and they are comfortable with him performing in the role, he would be good to move forward.

27. On or about July 17, 2020, Ms. Woods called Mr. Grisoff and stated that SeaWorld was rescinding the offer due to two factors: (a) they could not meet Mr. Grisoff's

requirements for increased compensation; and (b) due to Mr. Grisoff's request for an accommodation.

28. Through the course of Mr. Grisoff's interview process, the CHRO Sherri Nadeau noted that the entire HR team was able to work remotely through the pandemic with little to no impact to their performance.

29. Mr. Grisoff also interviewed with the Sesame Place Park Director Catherine Valeriano who interviewed him from home stating that she was working from home even though she had been intermittently on-site to prep for the park's opening.

30. At no point did Mr. Grisoff ask to work exclusively remote, nor did he ever raise the question about remote work opportunities as a temporary accommodation, without citing that it was being asked due to his underlying condition.

**COUNT I**

**FAILURE TO ACCOMMODATE, FAILURE TO HIRE AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. § 12101 *et seq*. AND THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. § 951 *et seq*.**

31. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

32. Plaintiff is a qualified individual with a disability in that he had underlying conditions that increased his susceptibility and risk of contracting the COVID -19 Virus.

33. Plaintiff is in a protected class because he has a record of an impairment and/or was regarded as having a disability by Defendant.

34. Plaintiff's disability, at all times material hereto, did not prevent him from performing the essential functions of his job.

35. At all material times Defendant knew, or should have known, of Plaintiff's need for reasonable accommodation due to his disability.

36. Defendant has intentionally discriminated by failing to hire Plaintiff because of his disability.

37. Plaintiff believes and avers that Defendant failed to hire him and that the aforementioned discrimination was based on his actual disability, record of a disability and/or his perceived mental and/or physical disability, protected by the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

38. As a result of the unlawful discrimination by Defendants as described herein, Plaintiff suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, emotional distress, and reasonable attorney's fees, the exact amount of which will be determined at trial.

39. The above-mentioned acts were willful, wanton, malicious and oppressive and done with reckless disregard for Plaintiff's federally protected rights, therefore justifying the imposition of punitive damages (under the ADA).

**WHEREFORE**, Plaintiff requests that the Court grant him the following relief against Defendant:

(a) Damages in a sum to exceed $150,000.00 for past and future monetary losses as a result of Defendant's unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages (where applicable);

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA;

(j) Order Defendant to institute and implement training programs, policies, practices and programs which provide equal employment opportunities for persons with present, past, or perceived disabilities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**LAW OFFICE OF JEFFREY CAMPOLONGO**

October 29, 2021
Date

**By:** [JC3646 - Validation of Signature Code]
Jeffrey Campolongo
Identification No: 82608
300 Conshohocken State Road
Suite 180
West Conshohocken, PA 19428
(484) 434-8930
(484) 434-8931 fax

***Counsel for Plaintiff***